IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL ARRIETA,

    Petitioner,

v.   No.   CV 16-644-RB-GBW
              CR 13-2718-RB

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Petitioner's Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (*doc. 1*).[1] Having reviewed the briefing (*docs. 9, 10*) and being fully advised, I recommend Petitioner's Motion be denied.

On December 5, 2013, Petitioner pleaded guilty to one count of conspiracy to distribute a mixture and substance containing a detectable amount of heroin. *See cr. doc. 29*. Petitioner was determined to be a "career offender" under U.S.S.G. § 4B1.1(a) which requires *inter alia* a person to have two prior convictions for felony "crime[s] of violence" as defined in U.S.S.G. § 4B1.2(a).[2] His potentially qualifying convictions included two 1995 New Mexico convictions for nonresidential burglary, PSR ¶¶ 25, 26;

---

[1] Citations to "*doc*." refer to docket numbers filed in Case No. 16-CV-644-RB-GBW. Citations to "*cr. doc.*" refer to the attendant criminal docket, Case No. 13-CR-2718-RB. For filings made on both dockets, only the civil docket number is given.

[2] This provision was amended on August 1, 2016. The amendment deleted the residual clause discussed herein from the definition of "crime of violence." The remainder of the definition remained the same. Because it is the relevant provision, references and citations to U.S.S.G. § 4B1.2(a)(2) refer to the pre-2016 amendment version.

three 1995 New Mexico convictions for residential burglary, PSR ¶¶ 27, 28, 29; a 2003 New Mexico conviction for residential burglary, PSR ¶ 31; and a 2008 New Mexico conviction for breaking and entering, PSR ¶ 34.  He was in criminal history category VI without the career offender adjustment, so his criminal history category was unchanged.  PSR ¶ 38.  Petitioner's final advisory guideline range, at offense level 29 and criminal history category VI, was 151-188 months.  PSR ¶ 67.  The Court varied downward and sentenced him to 120 months imprisonment.  *Doc. 41*.  The Judgment was filed on December 10, 2014.  *Id*.  Without the career offender adjustment, his total offense level would have been 12 and his criminal history category VI, resulting in a guideline range of 30-37 months.

Petitioner's Motion argues that his myriad burglary convictions are no longer a "crimes of violence" in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015).  *Doc. 1* at 4-10.  He contends that the *Johnson* decision should be applied retroactively to require his resentencing without application of the career offender guideline.  *See doc. 10* at 1-12.  The United States argues that (i) the *Johnson* should not be applied retroactively to the sentencing guidelines, and (ii) Petitioner's residential burglary convictions would remain "crimes of violence" even assuming *Johnson*'s retroactive effect.  *See doc. 9* at 4-22.  The presiding judge in this case has ruled decisively on both matters of law.

On the issue of retroactivity, this Court has held that "*Johnson* announced a new, substantive rule that should apply retroactively to the residual clause of the Sentencing

Guidelines[.]"  *See United States v. Martinez*, No. CR 13-1476 RB, No. CV 16-449 RB/LAM at 14 (Dec. 2, 2016) (Brack, J.) (unpublished).  Because the material facts, law and arguments match those found in *Martinez*, I recommend following the earlier holding.[3]

Turning to the nature of Petitioner's prior burglary convictions, they are based upon violations of New Mexico's Burglary statute, which provides as follows:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
>
> B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

N.M.S.A. § 30-16-3.  The two discrete subsections establish burglary of a dwelling as a third degree felony and other types of burglary as fourth degree felonies.  As such, a conviction under subsection (A) carries a different and greater statutory penalty than a conviction under subsection (B).  *See* N.M.S.A. § 31-18-15(A).  Thus, the statute is divisible and the Court may apply the modified categorical approach to determine under which subsection Petitioner was convicted.  *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).  Petitioner does not dispute the statute's divisibility or that he was convicted four times under N.M.S.A. § 30-16-3(A).  *See generally docs. 1, 9, 10; see also doc.*

---

[3] *Contra Valdez v. United States*, No. CR 13-3594 JB, No. CV 16-727 JB/GBW (Dec. 6, 2016) (Wormuth, J.) (unpublished PFRD).

*9*, Ex. A.

The presiding judge in this case has previously held that a conviction pursuant to N.M.S.A. § 30-16-3(A) categorically qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a) which does not include the invalid residual clause.  *See United States v. Perez*, No. CR 04-1308 RB, No. CV 16-545 RB/SMV (Dec. 2, 2016) (Brack, J.) (unpublished); *see also Valdez v. United States*, No. CR 13-3594 JB, No. CV 16-727 JB/GBW (Dec. 6, 2016) (Wormuth, J.) (unpublished PFRD).  In that holding, the Court rejected the very arguments presented by the instant Petitioner.  Seeing no material difference in the facts, law or arguments between *Perez* and this case, I recommend the Court follow its earlier holding.  Thus, I recommend finding that Petitioner's four convictions pursuant to N.M.S.A. § 30-16-3(A) categorically qualify as a "crime[s] of violence" under U.S.S.G. § 4B1.2(a).  Consequently, even without the residual clause found in U.S.S.G. § 4B1.2(b), Petitioner qualified as a career offender under U.S.S.G. § 4B1.1 which requires *inter alia* two prior felony "crime[s] of violence."  As the invalidation of the residual clause would have no effect on Petitioner's sentencing his motion should be denied.

_____
GREGORY B. WORMUTH
United States Magistrate Judge

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**